IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY LEE BROWNE, <br><br> Petitioner, <br><br> v. <br><br> ACTING WARDEN OF FCI MARION, <br><br> Respondent. | Case No. 3:23-cv-01247-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Zachary Lee Browne filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the computation of the prison credit allocated towards his federal sentence. (Doc. 1). For the reasons set forth below, Browne's petition is denied.

RELEVANT FACTS AND PROCEDURAL HISTORY

Browne is a federal inmate currently residing at a Residential Reentry Management (RRM) facility in Kansas City, Kansas. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on March 2, 2026). At the time he filed his petition, Browne was housed at FCI Marion, which is located within the Southern District of Illinois. Browne's transfer from that facility does not deprive this Court of jurisdiction to adjudicate the petition. *See In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

Browne is serving a 100-month sentence imposed by the Honorable Stephen N. Limbaugh, Jr. of the United States District Court for the Eastern District of Missouri for

possessing with intent to distribute methamphetamine. (Doc. 1); *United States v. Browne*, No. 18-cr-00130-SNLJ ("Criminal Case"). His projected release date is June 11, 2026.

During the events giving rise to his federal case, Browne was on parole from a seven-year sentence on two theft charges arising out of Butler County, Missouri. (Doc. 12-1, p. 10). On September 27, 2018, Browne was arrested for violating his parole. (Doc. 1, p. 26). He thereafter was transferred to the custody of the Missouri Department of Corrections ("MDOC"). (*Id.*). On October 16, 2018, Browne was taken into the custody of the United States Marshals Service ("USMS") pursuant to a writ of habeas *ad prosequendum* in connection with his federal case. (*Id.*; Criminal Case, Doc. 6).[1] On October 24, 2018, while still in federal custody on the writ, the State of Missouri revoked Browne's parole, and he continued to serve his state sentence. (Doc. 12-1 p. 2).

Browne was sentenced in federal court on April 9, 2019. (*Id.*). Judge Limbaugh ordered Browne's federal term to run concurrent to the sentences in his state cases. (Criminal Case, Doc 43 p. 2). The next day, the USMS returned Browne to state custody. (Doc. 12-1 p. 2). The state paroled him to federal custody on March 16, 2020. (*Id.*).

On April 17, 2023, Browne filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this district court. (Doc. 1). He argues that the BOP unlawfully has failed to credit his federal sentence for the time between October 16, 2018, and April 8, 2019, when he was in federal custody on the writ of habeas corpus *ad prosequendum*. The

---

[1] It appears that the writ was issued on October 11, 2018, but Petitioner and Respondent agree that he was not taken into federal custody until October 16, 2018. (Doc. 1 p. 15).

Court directed the Respondent to answer the petition, and Respondent did so on November 21, 2023. (Doc. 12).

## DISCUSSION

Browne alleges that the BOP's calculation of his sentence does not properly account for Judge Limbaugh's order that his federal sentence was to run concurrent with his state sentences. As an initial matter, Browne properly brings this challenge under 28 U.S.C. § 2241. A petition under that section is the appropriate means to contest the BOP's calculation of the date on which a prisoner must be released. *Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021); 28 U.S.C. § 2241. Respondent, for his part, maintains that the BOP's computation of Browne's sentence is correct because the federal sentence did not begin to run until the date of sentencing, and Missouri credited him for the time he was in federal custody pursuant to the writ.

A federal court may order that its sentence run concurrent to a state sentence. *See* 18 U.S.C. § 3584(a). But by statute, a federal sentence generally does not begin until "the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, the BOP has determined that "if the federal sentence is ordered to run *concurrently* with a state sentence," it will designate "the state facility as the place to serve the federal sentence as of the date the federal sentence was imposed." *Guzman v. Lillard*, No. 24-681, 2025 WL 1455363, at *6 (S.D. Ill. May 21, 2025) (citing U.S. Dep't of Justice, BOP Program Statement No. 5880.28). For Browne, the upshot is that his federal sentence began to run on April 9, 2019, the date he was sentenced federally, even as he *spent* the time in the custody of

MDOC. He is not entitled to credit for all of the time he spent in custody prior to his federal sentencing. *See Grigsby v. Bledsoe*, 223 F. App'x 486, 489 (7th Cir. 2007). Section 3585(b) of Title 18 makes clear that an inmate is only entitled to credit for time in custody "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Browne appears to make a more specific claim here: he seeks credit for the period he was USMS custody *before* his federal sentencing, the roughly six months between October 16, 2018, to April 9, 2019. That argument lacks merit. Browne was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. The Seventh Circuit has explained that such writs permit the transfer of an inmate from one sovereign to another for the purpose of legal proceedings without altering the inmate's primary legal custodian. *See Pope v. Perdue*, 889 F.3d 410, 412-13 (7th Cir. 2018) ("Using this writ, a sovereign may take temporary custody of a prisoner in the custody of another sovereign, for the purpose of prosecution, without acquiring primary custody."); *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989) ("A writ of habeas corpus *ad prosequendum* enables a [jurisdiction] to take temporary custody of a prisoner confined within another jurisdiction."). Thus, the fact that the USMS maintained physical custody over Browne for this period does not alter the fact that MDOC retained primary custody over him.

Browne persists that the BOP must give him credit for that time because MDOC did not credit it. (Doc. 1, p. 20). It is true that the BOP is to give defendants credit for periods spent in official detention that have not been credited against another sentence. 18 U.S.C. § 3585(b). However, Browne has not come forward with any evidence that the state failed to credit him for the time he was in federal custody on the writ.

To the contrary, the record indicates that MDOC *did* credit that time against his sentence. Respondent furnished a copy of MDOC's computation of Browne's sentence, which is dated March 16, 2020, the date he was transferred to BOP custody. (Doc. 12-1, p. 10). The document indicates that Missouri computed his sentence using an initial receipt date of February 14, 2014, with credit for 137 days. (*Id.*). The document also indicates that Browne received 168 days of "abscond time" during the period he was on parole. (*Id.* at pp. 9-10). In Missouri, individuals determined to have absconded from parole do not receive credit for that time against their sentence. *See* Mo. Ann. Stat. § 217.703(6). Based on these inputs, MDOC determined Browne's maximum release date was March 16, 2021. (Doc. 12-1, p. 10). Browne ultimately was paroled to federal custody on March 16, 2020 — one year before his full state term. If the state had not credited the period Browne was in temporary federal custody on the writ, one would expect to see a notation extending his maximum release date beyond March 16, 2021. There is no such indication.

Finally, Browne alludes to a provision in his plea agreement providing that his federal term would be reduced by the time he spent in federal custody on the writ. Browne did not furnish a copy of the plea agreement with his petition, so the Court is unable to verify whether any such provision exists. To the extent that he is arguing his sentence is unlawful because he was induced to plead guilty on the belief that his time in temporary federal custody on the writ would be credited against his sentence, such a claim must be brought under § 2255 — not § 2241. *See Matlock v. Sproul*, No. 22-2999, 2023

WL 2810286, at *2 (7th Cir. Apr. 6, 2023). A section 2255 petition must be filed in the court where the defendant was convicted. *See* 28 U.S.C. § 2255(a).

## CONCLUSION

Browne has not identified any error in the BOP's calculation of his federal sentence. Accordingly, his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 2, 2026

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**